UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| American Express National Bank,<br><br>                    Plaintiffs,<br>vs.<br>Yausmenda Freeman,<br><br>                    Defendants. | Case No. 2:25-cv-00094-GMN-MDC<br><br>**REPORT AND RECOMMENDATION TO REMAND (ECF No. 1-1)**<br><br>**AND**<br><br>**ORDER DENYING IFP APPLICATION AS MOOT (ECF No. 1)** |

     Pro se defendant Yausmenda Freeman filed an *Application to Proceed In Forma Pauperis* ("IFP") and a *Petition For Removal*. ECF Nos. 1 and 1-1. The Court sua sponte determines that removal is improper. The Court recommends that this action be REMANDED. The Court denies the IFP application as moot.

**I.     DISCUSSION**

     Pursuant to 28 U.S.C. § 1455(b)(4), a district court shall examine a removal petition promptly. "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Id.* A defendant seeking to remove an action from state court must file a notice of removal with the federal court to which removal is sought. 28 U.S.C. § 1455(a). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only

over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; See also 28 U.S.C. § 1331 and 28 U.S.C. § 1332; and e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. FRCP 12(h)(3).

American Express National Bank sued Freeman in Justice Court in North Las Vegas over $431.90 worth of credit card debt. ECF No. 1-1 at 5. The bank brings claims for breach of contract, account stated, and unjust enrichment. *Id.* at 5-8. Freeman first alleges that she removed this case to federal court because the Clark County Justice Court system is bias. ECF No. 1-1. An allegation of bias of an entire court system does not create subject-matter jurisdiction and is not authorized by the Constitution and Congress. Plaintiff also alleges that this Court has both federal question jurisdiction and diversity jurisdiction. *Id.* at 1. Plaintiff states that this Court has federal jurisdiction over counterclaims under the Truth in Lending Act, the Fair Debt Collection Practices Act, and other equitable relief.

Grounds for removal cannot be based on the contents of a counterclaim (or a defense to a complaint) that raises federal questions. See *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002) ("A counterclaim . . . cannot serve as the basis for 'arising under' [federal] jurisdiction."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). The Court has reviewed the attached complaint from Justice Court and there is no federal question at issue here. Given that the amount at issue is $431.90 worth of credit

card debt, the amount in controversy will not exceed $75,000. This case should be remanded back to Justice Court. Plaintiff will not be prejudiced because she will have an opportunity to object to this report and recommendation.

    IT IS RECOMMENDED THAT this case be REMANDED.

    IT IS ORDERED that the IFP application (ECF No. 1) is DENIED as moot.

    Dated: February 7, 2025.

                                                _____
                                               Hon. Maximiliano D. Couvillier III
                                               United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**